DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

November, 1878.

---

## JUDIAH ELLSWORTH, Appellant, v. SIMEON BROWN, Respondent.

*Dismissal of complaint for want of prosecution — Code of Civil Procedure, § 822 — payment to referee of his fees in advance.*

After this case had been referred to a referee to hear and determine, and several hearings had been had, he refused to appoint another hearing until his fees were paid.. After the case had remained in this condition for two years, defendant applied, under section 822 of the Code of Civil Procedure, to have the complaint dismissed for want of prosecution. *Held,* that the application should be granted.

The propriety of paying a referee in advance, or securing to him his fees, considered.

APPEAL from an order made at Special Term, dismissing the complaint for want of prosecution.

*Mr. Lester,* for the respondent.

*Mr. Varney,* for the appellant.

BOCKES, J. :

This is an appeal from an order made at Special Term, pursuant to section 822 of the Code of Civil Procedure, dismissing the com-

---

* The decisions in other cases decided at this term will be found in 15 Hun.

plaint for want of prosecution. The order was provisional, and gave the plaintiff ninety days additional time in which to proceed — hence was unusually liberal in its terms.

It appears that the case was at issue, and had been referred to a referee to hear and determine ; that several hearings had been had before the referee, when the latter declined to appoint another hearing until his fees were paid. The case remained in this condition for over two years, when this motion to dismiss the complaint was made.

We are of the opinion that the motion was properly granted. There had been an inexcusable neglect on the part of the plaintiff to proceed in the action. Nor is it a good answer to the motion, that the defendants themselves might have noticed the case for trial. The plaintiff had the affirmative. He was the actor until his case was presented and closed, and was himself bound to proceed. (*Roy* v. *Thompson*, 8 How., 253 ; *Bowles* v. *Van Horne*, 11 Abb., 84 ; *Same Case*, 19 How., 346 ; see, also, former and present rules of the court.)

We do not here intend to hold that a party may be required to pay a referee his fees in advance, or that any payment for fees should be made by a party to a referee until his report or decision is signed and ready for delivery. There may possibly be cases where this would be admissible, but they can be of rare occurrence, and, as a rule of practice, such a precedent would be reprehensible in the extreme. It might lead to great abuse, and is suggestive of manifest impropriety. If a referee refuse to proceed in the reference, he may be removed and another appointed in his place, So, too, on sufficient grounds the court would, perhaps, require the deposit of money to meet the fees of the referee before he would be required to proceed; but such requirement would rest on something unusal and peculiar to the particular case. In the case before us, the plaintiff, in so far as is made to appear, omitted all effort to bring the case to a close for a period exceeding two years. He might have moved for the discharge of the referee, on the ground that the latter declined to entertain the reference; when, all the facts being made to appear, the court would, by a proper order, put him in a position to proceed, either by superceding the referee or by directing the deposit of his

fees, in case that should be deemed right. But the plaintiff took no steps whatever to bring the case to trial. This he could not omit to do for an unreasonable length of time. He was bound to proceed with diligence. The alleged difficulty in the way of proceeding in this case was not caused by the defendants. Therefore, if any in fact existed, it lay with the plaintiff to remove it. As the case is here presented, action by the plaintiff was open to him, and it was his duty to proceed in the case; this he unreasonably neglected to do.

The order appealed from must be affirmed, with ten dollars costs of appeal and disbursements for printing.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs of appeal and disbursements for printing.